The State, ex rel. Alcorn, *v.* Beaman, Aud., et al.

(Decided June 24, 1929.)

*Mr. Wm. Thorndyke,* for plaintiff.
*Mr. Nelson Schwab,* prosecuting attorney, for defendants.

Cushing, P. J.   The question for determination in this case is whether deputy county officers are officials within the meaning of the provisions of paragraph 1 of Section 1465-61, General Code of Ohio.

In *State, ex rel. Attorney General,* v. *Jennings,* 57 Ohio St., 415, 49 N. E., 404, 63 Am. St. Rep., 723, the second paragraph of the syllabus is: ''To constitute a public office, against the incumbent of which *quo warranto* will lie, it is essential that certain independent public duties, a part of the sovereignty of the state, should be appointed to it by law, to be exercised by the incumbent, in virtue of his election or appointment to the office, thus created and defined, and not as a mere employe, subject to the direction and control of some one else.''

The Supreme Court in the *Jennings case,* at page

424 of 57 Ohio State, 49 N. E., 404, 405, quotes from Meachem's Offices and Officers, Section 4, wherein it is stated: "The most important characteristic which distinguishes an office from an employment or contract, is that the creation and conferring of an office involves a delegation to the individual of some of the sovereign functions of government, to be exercised by him for the benefit of the public; that some portion of the sovereignty of the country, either legislative, executive, or judicial, attaches for the time being, to be exercised for the public benefit. Unless the powers conferred are of this nature, the individual is not a public officer."

Further, in the opinion, the court says at page 425 of 57 Ohio State, 49 N. E., 404, 405: "The fact that a public employment is held at the will or pleasure of another, as a deputy or servant, who holds at the will of his principal, is held by the judges of the Supreme Court in an opinion delivered to the legislature of the state of Maine, to distinguish a mere employment from a public office, for in such cases no part of the state's sovereignty is delegated to such employees."

On authority of the case of *State, ex rel. Attorney General,* v. *Jennings, supra,* we hold that deputy county officers are not officials within the meaning of paragraph 1 of Section 1465-61, General Code.

The injunction is refused, and the cause dismissed.

*Injunction refused.*

Ross and HAMILTON, JJ., concur.